IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOE L. HUNTER,

                   Plaintiff,

                                                  CIVIL ACTION
     vs.                                       No. 05-3344-SAC

WICHITA POLICE DEPARTMENT, et al.,

                   Defendants.

### ORDER

    This matter is before the court on a complaint filed by an inmate confined in Lansing Correctional Facility in Lansing, Kansas. Plaintiff seeks leave to proceed in forma pauperis in this action, pursuant to 28 U.S.C. 1915.

    As amended April 26, 1996, 28 U.S.C. 1915(b)(1) requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records, the court assesses an initial partial filing fee of $4.00, twenty percent of plaintiff's average monthly deposit, rounded to the lower half dollar.

    Also, because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. 1915A(a) and (b).

    Plaintiff initiated this action by filing a complaint titled as a "Pure Bill of Discovery" pursuant to Rule 34(c) of the

Federal Rules of Civil Procedure, seeking discovery of various reports, policies, statements, and evidence relative to an altercation Wichita, Kansas, in April 2004 that resulted in plaintiff's arrest by two Wichita police officers. Plaintiff expressly disavows that he is asserting any particular claim or seeking any particular relief at this time, and expressly states he is neither proceeding in a civil rights action filed under 42 U.S.C. 1983, nor attempting to remove a state court action to federal court under 28 U.S.C. 1441(b).

Instead, plaintiff states this is an action permitted under Kansas common law for relief within the court's equitable jurisdiction to allow plaintiff to obtain information necessary for him to file a lawsuit against the Wichita Police Department, the City of Wichita, and the two Wichita police officers. Plaintiff essentially seeks an order pursuant to Fed.R.Civ.P. 34(c) requiring the state court to exercise its equitable powers to have the requested documents and materials produced.

Jurisdiction to proceed in a United States District Court is limited, and plaintiff bears the burden of demonstrating that subject matter jurisdiction exists for him to proceed in federal court. Here, even a liberal reading of plaintiff's pro se pleading fails to establish any subject matter jurisdiction based on the presentation of a federal question, 28 U.S.C. 1331, or based on the diversity of the parties, 28 U.S.C. 1332. Accordingly, the court finds the complaint is subject to being summarily dismissed for lack of subject matter jurisdiction. *See* <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83 (1998)(first responsibility of U.S. District Court is to

determine jurisdiction and dismiss the action is jurisdiction is lacking).

Although the Federal Rules of Civil Procedure provide that a non-party to the action may be compelled to produce documents, Fed.R.Civ.P. 34(c), this provision is limited to the subpoena provisions under Fed.R.Civ.P. 45 which plainly require a pending action properly filed in federal court. This requirement is clearly lacking in the present case.

Nor does this court's mandamus power extend to state court officials. *See* 28 U.S.C. 1361(U.S. district court has original jurisdiction of any action in the nature of mandamus to compel "an officer or *employee of the United States or any agency thereof* to perform a duty owed to the plaintiff")(emphasis added). This court has no authority to issue such a writ to "direct state courts or their judicial officers in the performance of their duties." Van Sickle v. Holloway, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986), quoting Haggard v. State of Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970).

Finally, the court finds no basis for exercising its supplemental jurisdiction to address plaintiff's claim for discovery under state common law.[1] *See* 28 U.S.C. 1367(c)(3)(authorizing district court to decline supplemental jurisdiction if there is no claim over which it has original jurisdiction).

---

[1]Plaintiff is also advised that Kansas law does not recognize the equitable bill of discovery. *See* Austin v. Johnston Coca-Cola Bottling Group, 20 Kan.App.2d 715, 719 (1995)(Kansas does not permit a suit solely for the purpose of obtaining discovery)(*citing* Pyramid Life Ins. Co. v. Gleason Hospital Inc., 188 Kan. 95 (1961)).

For these reasons, the court directs plaintiff to show cause why the complaint should not be dismissed. The failure to file a timely response may result in this action being dismissed without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that within thirty (30) days, plaintiff shall submit an initial partial filing fee of $4.00. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in the dismissal of this action without prejudice.

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days to show cause why the complaint should not be dismissed for the reasons stated by the court.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED: This 1st day of September 2005 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge