# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOE L. HUNTER,

        Plaintiff,

v.                            Case No. 05-3344-CM-DJW

WICHITA POLICE DEPARTMENT, et al.,

        Defendants.

## MEMORANDUM AND ORDER

Relying on 28 U.S.C. § 1964 and K.S.A. 60-2201, Plaintiff filed a "Notice of Lis Pendens Pursuant to Fed. R. Civ. P. 64" in this matter on November 30, 2006.[1] In response, Defendants filed a Motion to Quash Lis Pendens Notice (doc. 62). For the reasons stated below, Defendants' Motion to Quash will be granted.

Based on the authority cited in Plaintiff's notice of lis pendens, the appropriate starting place for a discussion on Plaintiff's Notice of Lis Pendens is 28 U.S.C. § 1964, the federal statute regarding constructive notice of pending actions. This federal statute provides that when parties in a federal court action claim an interest in real property located in a State that has a lis pendens statute, compliance with the State lis pendens statute is necessary to give constructive notice of the federal court action.[2] In other

---

[1] Plaintiff's Notice of Lis Pendens (doc. 52).

[2] *Geiger v. Espy*, 885 F. Supp. 231, 233 (D. Kan. 1995) (citing *Winkler v. Andrus*, 614 F.2d 707, 712 (10th Cir. 1980)).

words, when the subject of a federal court action pending in the District of Kansas is real property located in Kansas, the provisions of K.S.A. 60-2201 apply.[3]

The Kansas Supreme Court has set out the requirements for a valid lis pendens under K.S.A. § 60-2201(a): "(1) property must be of a character to be subject to the rule of lis pendens; (2) the court must acquire jurisdiction both of the person and the property; and (3) the property must be sufficiently described in the pleadings."[4] In addition, the litigation must be about the property that will be affected by the notice.[5] "It is essential to the doctrine of lis pendens that the litigation should be about some specific thing to be affected by the result of the action."[6]

In this case, Plaintiff brings a civil rights action against Defendants alleging excessive force under color of state law. Plaintiff's litigation does not involve any of the generic definitions of property identified in Plaintiff's Notice of Lis Pendens.  action does not involve property as required for a notice of lis pendens under Kansas law.   Based on Kansas law, the Court finds Plaintiff's Notice of Lis Pendens is invalid. For this reason, Defendants' Motion to Quash (doc. 62) is granted..           IT IS SO ORDERED.

---

[3]*Id.* (citing *Griffin v. Federal Land Bank of Wichita*, No. 88-1599-C, 1989 WL 60303 (D. Kan. May 11, 1989)).

[4]*General Elec. Capital Corp. v. Dodson Aviation, Inc.*, 02-2298-KHV, 2002 WL 31898220 at *4 (D. Kan. Dec. 17, 2002) (citing *Field v. Freedman*, 81-2075-S, 1986 WL 379754, at *4 (D. Kan. July 30, 1986); *Travis v. Supply Co.*, 42 Kan. 625, 22 P. 991 (Kan.1889)).

[5]*Id.* (citing *Herman v. Goetz*, 204 Kan. 91, 460 P.2d 554 (Kan.1969); *Gatewood v. Bosch*, 2 Kan.App.2d 474, 581 P.2d 1198, 1203 (Kan.1978) ("the Pendente lite lien only applies to property which is the subject of the pending action.")).

[6]*Cousatte v. Collins*, 31 Kan. App. 2d 157, 161, 61 P.3d 728, 731 (2003) (citing *Wilkinson v. Elliott*, 43 Kan. 590, 593 (1890)).

Dated in Kansas City, Kansas on this 14th day of March, 2006.

                                                    s/ David J. Waxse  
                                                    David J. Waxse  
                                                    United States Magistrate Judge

cc:      All counsel and *pro se* parties