IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOE L. HUNTER,

          Plaintiff,

vs.                              Case No. 05-3344-JTM

WICHITA POLICE DEPARTMENT, et al.,

          Defendants.

MEMORANDUM AND ORDER

      This matter is before the court following the December 1, 2006, Order of the Court of Appeals, which noted the existence of additional claims in the action. Specifically, the court stated that "Plaintiff's claims against *Defendant City of Wichita and Defendant Jeffrey Taylor* and Defendant Jeffrey Taylor's counterclaim *against Plaintiff* remain unresolved in the district court." (Dkt. No. 152, at 2) (emphasis in original). The court also took note of the October, 12, 2006, order transferring the case to the undersigned for trial in Wichita. The Court of Appeals concluded that the appeal would be dismissed in the absence of either a final adjudication of the additional claims, or a final judgment pursuant to Fed.R.Civ.Pr. 54(b).

      Defendant Taylor's counterclaim remains pending before this court. Any claims against Officer James (who has never effectively been served with process and is currently on service in Iraq) have been stayed. (Dkt. No. 71). This court's Order of November 17, 2006, resolved the claims against "defendants City of Wichita, Norman Williams and Jeffrey Taylor." (Dkt. No. 148 at 1, 10-11).

      Pursuant to Fed.R.Civ.Pr. 54(b), final judgment is hereby entered on the claims resolved by the court's Order of November 17, 2006, and the court certifies that as to these claims there is no just reason for delay and expressly directs the entry of judgment. Factors relevant to such certification

are "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). Here, the remaining claims are distinct from those resolved by the court and all involve either claims against any entirely separate party, or claims of a fundamentally different type (the state battery counterclaim by officer Taylor). Further, the nature of the federal issues resolved by the court is such that the appellate court would not have to resolve these issues in a cumulative fashion.

IT IS ACCORDINGLY ORDERED this 14th day of December, 2006, that the court certifies the issues resolved in its November 17, 2006, order for interlocutory appeal and the court expressly directs that final judgment on these issues be entered in favor of the defendants City of Wichita, Williams and Taylor pursuant to Fed.R.Civ.Pr. 54(b).

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE